IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2157-FL

| | |
|---|---|
| KEVIN ZEICH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KATHLEEN M. KENNY and THE ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a federal inmate, filed a *pro se* pleading captioned "Plaintiff's Complaint" seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The matter is before the court for initial review pursuant to 28 U.S.C. § 2243. The matter also is before the court on petitioner's motion for entry of default (DE 3). In this posture, the issues raised are ripe for adjudication.

As an initial matter, petitioner's pleading captioned "Plaintiff's Complaint" attacks the execution of his sentence, which must be pursued pursuant to 28 U.S.C. § 2241. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Accordingly, the court finds that it is in the interest of justice to recharacterize petitioner's filing as a petition pursuant to 28 U.S.C. § 2241. See Castro v. United States, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different category . . . to avoid an unnecessary dismissal . . . . . . [or] to avoid inappropriately stringent application of formal labeling requirements . . . or to create a better correspondence between the

substance of a pro se motion's claim and its underlying legal basis[.]"); United States v. Saquella, 442 F. App'x 847, 848 (4th Cir. 2011) (same) (citation omitted) (per curiam).

The court now turns to its initial review of petitioner's § 2241 petition. It does not clearly appear from the face of the petition that the petitioner is not entitled to relief. Thus, the matter is allowed to proceed.

As for petitioner's motion for entry of default, the court notes that the respondent has not been served with petitioner's § 2241 petition, and respondent has not been directed by the court to respond. See 28 U.S.C. § 2243. Therefore, petitioner's motion for entry of default is DENIED as premature.

In summary, the motion for entry of default (DE 3) is DENIED as premature. Petitioner is ALLOWED to proceed with his § 2241 petition. The Clerk of Court is DIRECTED to maintain management of the matter.

SO ORDERED, this the 7th day of October, 2014.

LOUISE W. FLANAGAN
United States District Judge